1833.

In the matter
of Morrell.

---

### In the matter of MORRELL and others, infants.

Upon a petition for the sale of infants' estates, if several infants are included in the same application, or if several parcels of land are sold at different times, the solicitor for the petitioners is entitled to an allowance for the extra ex-pense, notwithstanding the limitation of costs by the 161st rule to $25.

The master to whom a petition for the sale of an infant's estate is referred, should briefly report the result of his inquiries and a statement of the facts, either by a reference to the petition or otherwise; and he should not take down and return to the court the testimony at length.

The master should not rely upon the petition as the evidence of the facts he is directed to ascertain and certify to the court; but he should examine witnesses as to those facts.

January 1.

In this case several questions were submitted to the chan-cellor, by one of the taxing masters, as to the costs of proceed-ings for the sale of real estate of infants by a special guardian. Several infants were interested in the property; and, according to the settled practice of the court, a separate bond to each in-fant was executed by the guardian and his sureties. The premises which, by the order of the court, the guardian was authorized to sell, consisted of several distinct lots or parcels; but only a part thereof had been sold, and the value of the part thus sold was less than $1000. The questions as to the tax-ation of the costs arose under the 161st rule of the court; which limits the costs of the proceedings, in certain cases, to twenty-five dollars.

THE CHANCELLOR. The act of the 9th of April, 1814, which first authorized the sale of infants' estates under an or-

der of this court, limited the costs of the proceedings to $25. This was a salutary provision, and was intended to prevent all unnecessary or useless prolixity in the petition, orders, reports and other proceedings, and to protect the rights of infants in a case where the taxation of costs must necessarily be ex parte. The object of this court in the adoption of the 161st rule, was to continue this statutory restriction in a certain class of cases; not only to induce the officers of the court to avoid all unnecessary expense in proceedings of this kind, but also to prevent improper applications for the sale of the estates of infants, where the value of the property, and the benefits to be derived by the infants from such sale, would be disproportioned to the ordinary taxable costs of such proceedings. The amount of costs limited by the former statute, and by this rule, was supposed to be sufficient to cover the actual and necessary expense of the proceedings in the case of a single infant, where there was but one report of sale to be made; provided the petition, orders, reports, &c. were drawn with all practicable brevity. But it was not intended by this limitation to prevent the applicant, or his solicitor, from obtaining a compensation for the extra expense of separate bonds to the respective infants where more than one was interested in the premises, or for the additional report and proceedings on the sale of a second parcel of the estate of an infant, under the same order, where the whole property which the guardian was authorized to sell could not be sold previous to the making of his first report of sale. In such cases the taxing officer should allow the extra expense of drawing and filing the additional bonds of the guardian and his sureties, or of the report and proceedings on the second sale, in addition to the $25 limited by the rule, if the whole taxable costs exceed that sum. The limitation prescribed by this rule does not extend to the case of a sale of a part of the property only, although the value of that part is less than $1000; provided the infant's interest in the whole property which the guardian is authorized to sell, as ascertained by the report of the master on which the order of sale was founded, exceeds that amount. As the names of the sureties, and the fact of their sufficiency, as well as the amount of the security to be given, appear in the original certificate of the

1833.

In the matter
of Morrell.

master on which the order for the appointment of the special guardian is founded, and are also specified in such order, it is not necessary to have the bond approved by a master. But it is the duty of the register or clerk with whom the order is entered, to see that the bond or other security is executed by the proper persons, and in the form prescribed by the order of the court, before he gives the certificate required by the 160th rule.[a] Neither is it necessary or proper for the master, who certifies to the sufficiency of the sureties, &c. on the original petition, or who makes a report upon the subsequent reference, to take down and return to the court, in the shape of affidavits or otherwise, all the testimony had before him. It is his duty to ascertain the necessary facts which are required to be certified or reported, and this may be done by a viva voce examination of the sureties, witness, and parties on oath; and he should then certify or report to the court the result of his inquiries, as briefly as possible. If all the material facts as to the age and residence of the infants, the situation and value of their real and personal estate, the situation, value and income of the estate proposed to be sold, the fact that they have no general guardian if the petition is presented by the infants in person or by a next friend, and the particular reasons which render a sale of the premises necessary and proper, are truly stated in the petition, as required by the 158th rule, the report of the master, upon the reference, may be very short, in relation to those facts; stating that from the examination of the witnesses before him, he has ascertained that all the matters set forth in the petition are true. To this the master should add a brief statement of the result of his inquiries as to all the other matters which he is required by the 160th rule to ascertain and report to the court. The whole of this report, if the petition and report are both properly drawn, can seldom exceed four or five folios; as reference should always be made to the petition, where it can be done, for the description of the property and all other matters which are truly stated therein. But the master should not rely upon the allegations in the petition as the evidence of the facts which he is required to ascer-

(a) See 3 *Moulton's Practice*, 629, 667.

tain and certify to the court.  (*In Re Lansing, 3 Paige's Rep. 265.*)

The costs of the proceedings in this case must be taxed on these principles.