(82 Misc. Rep. 663.)

## In re MOLINARI et al.

(Supreme Court, Special Term, Kings County.  November 25, 1913.)

1. Costs (§ 15*)—Power to Allow—Special Proceedings.

Costs in special proceedings cannot be allowed in the absence of special statutory authority, and, by provision of Code Civ. Proc. § 3240, rest in the sound discretion of the court in all cases not specifically provided for.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 24; Dec. Dig. § 15.*]

2. Infants (§ 37*)—Sale of Real Estate—Special Proceedings—Costs.

Code Civ. Proc. § 2348 et seq., regulating the special proceedings for sale of infants' real property, being silent as to costs allowable therein, they are governed by General Rules of Practice 58, limiting the amount of costs, where the infant's interest in the property does not exceed $1,000, to not exceed $25 and referee's fees not exceeding $10.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 82, 83, 97; Dec. Dig. § 37.*]

3. Infants (§ 37*)—Sale of Real Estate—Special Proceedings—Costs.

Under General Rules of Practice 58, as to costs in a special proceeding for sale of infants' real estate, providing: "If the infant's interest in the property does not exceed $1,000, the whole costs, including disbursements, shall not exceed $25, and referee's not exceeding $10.  Where several infants are interested in the same premises as tenants in common, the application in behalf of all shall be joined in the same petition, although they may have several general guardians; and there shall be but one reference to ascertain the propriety of a sale as to all, and but one bill of costs shall be allowed"—the mere fact that the aggregate of the interests of such several infants exceeds $1,000 does not authorize a greater allowance of costs.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 82, 83, 97; Dec. Dig. § 37.*]

4. Infants (§ 37*) — Sale of Real Estate — Special Proceeding — Costs — Bond of Special Guardian.

A special guardian appointed in a proceeding for sale of the interest of infants in real estate should, under the express authority of Code Civ. Proc. § 3320, be allowed the necessary premium which he has to pay on his bond to the infants; such provision being paramount to, if in conflict with, General Rules of Practice 58, limiting costs and disbursements in such a proceeding.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 82, 83, 97; Dec. Dig. § 37.*]

In the matter of Edward Molinari and others.  Heard on motion to confirm report of special guardian in proceedings for the sale of infants' real estate.  Modification ordered.

K. C. & M. V. McDonald, for petitioners.

BENEDICT, J.  In this proceeding, instituted for the sale of the undivided interest of seven infants in a certain parcel of real property situated in Brooklyn, the referee has reported in favor of the sale at a price which will realize for the infants' interest the sum of $5,075, less the present value of the dower right of their mother, the gross value of which is computed at the sum of $1,051.60, thus leaving the net value of the interest of each infant less than $1,000.

The special guardian reports that he has entered into a contract for

the sale subject to the approval of the court, and the petitioners now move for confirmation of such report and further ask that the special guardian, out of the proceeds of such sale, pay the expenses of this proceeding, including the fees of the referee, stenographer, and real estate experts, amounting to $119, together with the reasonable value of the services of the petitioners' attorneys which is placed by them at $300. If this were an action between adult persons involving all the elements here present upon which attorney's fees are usually predicated, I should have little hesitation in allowing the costs and expenses which are here requested; but I cannot in such a proceeding as this allow the infants' estate to be burdened with so great a charge.

[1, 2] Costs in special proceedings cannot be allowed unless by force of some special statutory authorization, and in this state they rest in the sound discretion of the court, which may award or withhold them in all cases not specially provided for. Code Civ. Proc. § 3240. Proceedings for the sale of infants' real property are special proceedings and are regulated by sections 2348 et seq. of the Code; but these sections are silent upon the subject of the costs allowable in such proceedings. The costs are, however, governed in a case like the present by rule 58 of the General Rules of Practice, which provides in part as follows:

"If the infant's interest in the property does not exceed one thousand dollars, the whole costs, including disbursements, shall not exceed $25, and referee's fees not exceeding ten dollars. Where several infants are interested in the same premises as tenants in common, the application in behalf of all shall be joined in the same petition, although they may have several general guardians; and there shall be but one reference to ascertain the propriety of a sale as to all, and but one bill of costs shall be allowed."

[3] It is urged in the present case that, because of the fact that there are seven infants whose aggregate interest is greater than $1,000, the court is not limited to an allowance of only $35 for costs, disbursements, and referee's fees. If the first sentence above quoted from the rule stood alone, this claim might be admitted; but, being followed by the provisions for the allowance of only one bill of costs in cases where several infants are interested, it cannot be justified. My attention has been called to a decision by Chancellor Walworth (Matter of Morrel, 4 Paige, 44), wherein it is held that if several infants are included in the same application, or if several parcels are sold at different times, the solicitor for the petitioners is entitled to an allowance for the extra expense of drawing and filing the additional bond of the guardian and his sureties, or of the report and proceedings on the second sale, in addition to the $25 limited by the 161st rule of Court of Chancery. But in the present case neither of these conditions obtained. Only one bond was given by the special guardian and the surety company, and that was made to run to all the infants, and there has been but one sale.

As the chancellor remarked in the case cited (referring to the $25 limitation imposed by the 161st rule, which was based upon the provisions of chapter 108, Laws 1814, "An act concerning infants," which first authorized the sale of infants' estates under order of the Court of Chancery):

"This was a statutory provision, and was intended to prevent all unnecessary or useless prolixity in the petition, orders, reports, and other proceedings, and to protect the rights of infants in a case where the taxation of costs must necessarily be ex parte."

Chancery Rule 161 was similar in terms to the present rule 58 of the General Rules of Practice.

In the case now before the court the principal ground upon which the application rested was that the infants who made the application were tenants in common with the adult owners who threatened an action for partition unless this proceeding was instituted. It was proper therefore to institute this proceeding in their behalf. The policy of the law is to lighten the costs in these proceedings, rather than to dissipate infants' property through an expensive partition action; and the courts and its officers should effectuate that beneficent purpose by a strict adherence to the rule above quoted.

[4] The special guardian in this case furnished a bond to the infant petitioners executed by a surety company in the sum of $12,000, as authorized and approved by this court, for which he paid the sum of $46 as a premium. This sum the special guardian should be allowed to deduct and retain under the express authority of section 3320 of the Code of Civil Procedure, which must be held to be paramount to rule 58 of the General Rules of Practice, if they conflict.

The costs and disbursements of the petitioners are fixed at $25 and the referee's fees at $10.

Modify and redraw proposed order in accordance herewith.